# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBERT BILONICK,

    Plaintiff,                                                                                      Case No.:

v.

NATIONAL TRAINING, INC.,

    Defendant.

---

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROBERT BILONICK, brings this lawsuit against the above captioned Defendant, NATIONAL TRAINING, INC. for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation for all hours worked over forty hours in each work week.

## *Introduction*

1. As explained herein, an employer violates the FLSA when it does not pay overtime compensation to any employee who is non-exempt.

2. Employees are either exempt or non-exempt and the key to determining exempt status does not depend on the employer's general characterization of the job; what is important is what the employee actually does on a day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4. There is no exemption found in the FLSA applicable in this case, but to the extent one is asserted by the Defendant, it "must establish [it through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5. Plaintiff was at all times relevant treated by the Defendant as an Exempt employee under the FLSA.

6. Plaintiff regularly worked in excess of 40 hours per week, meaning overtime hours, and was not paid an overtime premium for any of these overtime work hours. Plaintiff has suffered damages as a consequence.

### *The Parties*

7. Plaintiff is a Florida resident who began working for Defendant within the meaning of the FLSA from 2018 through approximately October 24, 2024. Plaintiff resides in this district.

8. Defendant, NATIONAL TRAINING, INC. is a Florida, FOR PROFIT corporation, with a principal address of 5660 CR 209 S., GREEN COVE SPRINGS,

FL 32043. Defendant identifies its registered agent as LARRY S LARK, who can be served at: 1781 Oak Grove Drive South, Green Cove Springs, FL 32043

9. Upon information and belief, Larry Lark is one of the owners of the company if not the sole shareholder and is the CEO and chairman of the Board.

## *Jurisdiction*

10. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

11. This Court has personal jurisdiction over Defendant because it is a company organized under the laws of Florida and also operates continuous business inside the State of Florida.

12. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Green Cove Springs, Florida.

13. At all relevant times Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. § 206(a) and 207(a). Defendant employs mor than 10 employees and has earned more than $500,000 in revenue in the preceding 3 years and is subject to the FLSA under enterprise coverage. Further,

Defendant both provides services to out of state residents and sells its services and accepts payment for services interstate.

14. Additionally, Plaintiff was involved in providing services to out of state residents.

### *Plaintiff's Job*

15. Plaintiff worked as a "Lead Examiner" for Defendant, a truck driving school and who worked to get its students approved Commercial Driver's License (CDL).

16. His job duties included assessing the student drivers for qualifications determining if these students should be approved for a CDL.

17. Plaintiff did not manage or supervise other employees.

18. During the beginning of 2024 and until his separation from employment in October 2024, Plaintiff was paid solely a straight percentage of the cost of the test. Tests could cost $450.00.

19. Plaintiff was not paid on a salary basis during the period claimed and thus cannot qualify under the Administrative Exemption.

20. At no time did the Defendant ever explain or justify the reasons for his treatment as an exempt employee. Had Plaintiff known that he was misclassified and entitled to overtime pay, he would have either refused to work overtime without being paid a premium or not accepted the job.

21. In 2022 and 2023, Plaintiff was paid a base rate of pay of $23.00 per hour plus some percentage of the total cost charged to the student per each test. Thus, during these periods of time, Plaintiff was treated by the defendant as an hourly paid, non-exempt employee.

22. Beginning in 2024, Defendant ceased making any base wage pay to Plaintiff and essentially paid him a flat percentage of the cost of each test, thus again, classifying Plaintiff as a non-exempt employee.

23. The compensation offered to Plaintiff was non-negotiable, as a take it or leave it offer, and Plaintiff never was required to clock in and out his time and work hours.

24. During Plaintiff's employment in 2022 through to 2024, Plaintiff regularly worked in excess of 40 hours each week and he was never paid time and a premium for any of her overtime hours.

25. Evidence reflecting the number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendant.

26. Some of these records may substantiate work performed by the Plaintiff in excess of 40 hours in a work week.

27. However, these records are not entirely accurate because Defendant failed to record and track any of the actual hours the Plaintiff worked.

28. If these records are unavailable or unreliable, Plaintiff may establish the hours he worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

29. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88  This can be done by a plaintiff's own testimony as to their regular work habits. Once the plaintiff has offered testimony or evidence of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the

precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

### *Defendant's Bad Faith in Stealing Wages*

30. Defendant's failure to pay overtime compensation was knowing and willful and demonstrated a reckless disregard for the requirements of the FLSA.

31. Defendant *knew* they should be paying any non-exempt employee overtime but willfully simply maintained an unlawful pay practice and refused to pay him overtime premiums.

32. Defendant *was aware* of the FLSA overtime wage requirements and that it was subject to the FLSA.

33. Defendant misled and misinformed Plaintiff concerning why he was not entitled to overtime wages.

34. Defendant did not check with legal counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

35. Defendant did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

36. Defendant has never performed an audit or examination as to whether the position that is the subject of this Complaint was properly classified as EXEMPT under the FLSA.

37. Indeed, Defendant took no actions to analyze the position that is the subject of this Complaint to determine its proper exemption classification under the FLSA.

38. Accordingly, Plaintiff is entitled to recover all minimum wages and overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

39. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

### *Coverage under the FLSA*

40. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendant is subject to the FLSA.

41. During the times relevant to this Complaint, Defendant employed more than two employees and has generated more than $500,000 in revenues in each of the three years that precede the filing of the action.

42. At all relevant times Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. § 206(a) and 207(a).

43. Defendant employed Plaintiff as an employee within the meaning of the FLSA § 203.

# COUNT 1
## Overtime Due Under the FLSA 29 U.S.C. § 207

44. Plaintiff re-alleges paragraphs 1-43 as if fully set forth in this Count.

45. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and reasonable attorneys' fees and costs of this action.

46. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA. Further, Defendant knew of some, or all the hours Plaintiff worked and was aware that she was working overtime hours routinely.

47. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for hours he worked beyond forty in any given workweek.

48. Plaintiff routinely worked on average 42 to 45 or more hours per work week basis throughout the preceding 3 years of his employment with Defendant.

49. Defendant did not pay Plaintiff overtime premiums or any additional pay for these hours worked over forty in a given workweek.

50. Defendant likewise violated the time keeping requirements of the FLSA and 29 CFR part 516, by failing to accurately track and record the work hours for Plaintiff, a non-exempt employee.

51. Defendant's failure to pay Plaintiff overtime compensation at any rate, including, the default rate of time and a half (1.5) his regular rate of pay for all hours

over forty (40) in each given workweek is a violation of the FLSA, in particular, 29 U.S.C. § 207.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a); thus, Defendant owes Plaintiff all unpaid overtime wages for all hours worked over 40 in each and every workweek over the preceding 3 years from the date of the filing of this complaint.

53. Due to Defendant's' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. A judgment in the Plaintiff's favor and against the Defendant for violating the FLSA.

b. That the Court finds the Defendant has violated the overtime compensation provisions of the FLSA and that the Court finds that Defendant's violation of the FLSA was and is willful, in bad faith, and with reckless disregard for the law.

c. Declare and determine and find that Defendant violated the Record keeping requirements of the FLSA as mandated by 29 CFR part 516.

d. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours in any given workweek at rates of one and one-half times (1.5) his regular rate of pay, plus an equal sum in liquidated damages.

e. That the Court award and order Defendant to pay Plaintiff's incurred attorneys' fees and costs and expenses of this action under § 216 of the FLSA.

**PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION**

Plaintiff designates attorney Mitchell L. Feldman, Esq. of FELDMAN LEGAL GROUP, as lead counsel.

Respectfully submitted this 21st day of January 2025 by:

*/s/Mitchell Feldman, Esq.*
Feldman Legal Group
12610 Race Track Road Suite 225
Tampa, FL 33626
FB #: 0080349
Tel: 813-639-9366
Mfeldman@flandgatrialattorneys.com
Lead Attorney For Plaintiff
Mail@feldmanlegal.us

`